Victor D. LINDEMAN, Francis Bonner, Katherine Robinson Brainard as Executrix of the Estate of Millard Brainard, Deceased, and Lincoln Epworth, Plaintiffs,

v.

TEXTRON, INCORPORATED, Defendant.

United States District Court
S. D. New York.
July 25, 1956.

Day, Epworth, Plaskow & Lawrence, New York City, for plaintiffs. Milton Pollack, New York City, of counsel.

Cravath, Swaine & Moore, New York City, for defendant.

REEVES, District Judge.

Invoking the provisions of Rule 50(b) and Rule 59(a), Federal Rules of Civil Procedure, 28 U.S.C.A., the defendant through its able counsel seeks a directed verdict in favor of the defendant notwithstanding the verdict of the jury, and, failing in that, to obtain a new trial under Rule 59(a) supra, on the grounds of multiple errors committed in the trial of the cause.

The various contentions of the defendant will be noted and briefly discussed.

1. The motion for a directed verdict, as provided by Rule 50(b) should be overruled for the reason that the identical facts (supplemented in this case by much other testimony) was considered exhaustively by the Court of Appeals in considering the evidence in a former trial, 2 Cir., 229 F.2d 273. The decision in that court precludes the trial court in the instant case from considering favorably defendant's motion for a directed verdict.

2. The defendant criticizes what it alleges was inconsistent agency

conduct on the part of the plaintiffs, in that the plaintiffs were acting as agents of other principals while purporting to act on behalf of the defendant. The plaintiffs were "finders" within the terminology of this particular brokerage transaction, and they were agents of both parties in bringing the defendant and F. Burkart Manufacturing Company together, and, in doing this, they were acting strictly as middlemen. 12 C.J.S., Brokers, § 14, p. 36.

Such a status was averred in the complaint, confirmed by the evidence, and the court carefully submitted that issue to the jury. Plaintiffs claimed that they initiated but did not negotiate the contract between the said parties. Their function, duty and responsibility ended when they brought the two parties together.

■ 3. The defendant complains of the testimony given by Snelling Brainard concerning a telephone conversation with Chairman Little of the Textron Board of Directors. Millard Brainard was ill, dying of cancer; Snelling Brainard, the witness, was assisting him (his father) in his business. Snelling Brainard called Chairman Little on the telephone. Millard Brainard, being fatally ill, requested Snelling Brainard to join in the conversation by using an extension telephone.

Apparently defendant made identical objections to this testimony in the prior trial. It was received, however, and considered by the Appellate Court. Moreover, it does not fall within the ban of the Communications Act, 47 U.S.C.A. § 151 et seq.

■ 4. A careful examination of the charge given by the court to the jury does not disclose any departure from the precise issues made by the pleadings and the evidence. Moreover, no exceptions were urged or preserved to the portions of the charge now complained against.

5. The verdict of the jury was not excessive or beyond the range of the testimony as complained by the defendant.

In bringing the F. Burkart Manufacturing Company and the defendant together the defendant acquired assets of great value. The undisputed evidence was that a "finder's" or middleman's commission would run from three percent. to five percent. of the amount involved. The amount of the verdict was well within the scope of this testimony.

■ The verdict of the jury was responsive to the pleadings, the evidence, and the instructions of the court, and should be left undisturbed.

It follows that the motion for a new trial should be overruled and it will be so ordered.